UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Columbia Gas Transmission Corporation,**

    Plaintiff,

-V-                                          Case No. 2:05-cv-1167
                                                JUDGE SMITH
                                                Magistrate Judge King

**Cloyce "Sonny" McNichols,**

    Defendant.

## TEMPORARY RESTRAINING ORDER

Plaintiff moves for a temporary restraining order ("TRO") enjoining defendant from denying plaintiff access to his property to perform maintenance and testing operations on its gas line, well, and equipment. For the reasons that follow the Court grants plaintiff's motion.

Plaintiff has the right to enter defendant's land pursuant to a right-of-way agreement dated September 30, 1991. Defendant has attempted to prevent plaintiff from entering his land, telling

1

plaintiff's employees to get off his property and never come back, threatening to confiscate plaintiff's vehicles and has threatening to charge plaintiff's employees with criminal trespass.  If plaintiff is not permitted to test and maintain its lines and equipment, a fire or explosion may result.

The Court considers four factors in determining whether to issue a TRO or preliminary injunction:

> 1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

Chabad of S. Ohio & Congregation Lubavitch v.City of Cincinnati, 363 F.3d 427, 432 (6th Cir. 2004).  The factors are not prerequisites; rather, they must be balanced.  Capobianco, D.C. v. Summers, 377 F.3d 559, 561 (6th Cir. 2004).

The Court finds that plaintiff has made a colorable showing that it is likely to succeed on the merits.  The Court further finds that plaintiff has demonstrated that irreparable harm will occur if it is not allowed to enter defendant's land to test and maintain its line, well and equipment.  There is no indication that an injunction would cause substantial harm to others.  An injunction would serve the public's interest in safety.

Balancing these factors together, and considering the risk of

a fire or explosion if an injunction is not issued, the Court finds that the circumstances weigh in favor of granting plaintiff's TRO motion.

For the above reasons, the Court **GRANTS** plaintiff's motion for a TRO.  Defendant is enjoined from taking any further actions designed to deny plaintiff and its employees access to pipeline no. SRW 9592, Well. no. 9507 and Rectifier no. BS 24 so that plaintiff can perform the necessary maintenance and testing procedures.

   **IT IS SO ORDERED.**


              /s/ George C. Smith
             GEORGE C. SMITH, JUDGE
**DATE:  March 29, 2006**    UNITED STATES DISTRICT COURT