UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Columbia Gas Transmission Corporation,**

    **Plaintiff,**

**-V-**　　　　　　　　　　　　　　　　　　　　　Case No. 2:05-cv-1167
　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge King**

**Cloyce "Sonny" McNichols,**

    **Defendant.**


**PRELIMINARY INJUNCTION**

Plaintiff moves for a preliminary injunction enjoining defendant from denying plaintiff access to his property to perform maintenance and testing operations on its gas line, well, and equipment.  For the reasons that follow the Court grants plaintiff's motion.

The Court conducted an informal conference on March 29, 2006 to discuss the TRO motion.  Defendant was given prior notice of the conference by the Court as well as by plaintiff.  Defendant appeared at the conference and participated pro se.  At the conference, defendant expressly acknowledged plaintiff's

1

right to enter his land to perform maintenance and testing. Defendant did not object to the issuance of a TRO, but voiced his dissatisfaction with plaintiff's failure to provide additional consideration for the right to enter his land.  Specifically, defendant stated that plaintiff should build and maintain a bridge over a creek that runs through his property.  Defendant, however, presented no legal basis for requiring plaintiff to undertake such a task.  At the conclusion of the conference, the Court issued a TRO enjoining defendant from taking any further actions designed to deny plaintiff and its employees access to his land.

Given that defendant has acknowledged plaintiff's right to enter his land, a hearing on plaintiff's motion for preliminary injunction is not necessary.  Moreover, defendant has not attempted to respond to defendant's motion for a preliminary injunction in writing or otherwise.

Plaintiff has the undisputed right to enter defendant's land pursuant to a right-of-way agreement dated September 30, 1991. Defendant has attempted to prevent plaintiff from entering his land, telling plaintiff's employees to get off his property and never come back, has threatened to confiscate plaintiff's vehicles and has also threatened to charge plaintiff's employees

with criminal trespass. If plaintiff is not permitted to test and maintain its lines and equipment, a fire or explosion may result.

The Court considers four factors in determining whether to issue a TRO or preliminary injunction:

> 1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

<u>Chabad of S. Ohio & Congregation Lubavitch v.City of Cincinnati</u>, 363 F.3d 427, 432 (6th Cir. 2004). The factors are not prerequisites; rather, they must be balanced. <u>Capobianco, D.C. v. Summers</u>, 377 F.3d 559, 561 (6th Cir. 2004).

Given that defendant concedes that plaintiff has the right to enter his land to preform maintenance and testing of its equipment, the Court finds that plaintiff has made a strong showing that it is likely to succeed on the merits. The Court further finds that plaintiff has demonstrated that irreparable harm will occur if it is not allowed to enter defendant's land to test and maintain its line, well and equipment. There is no indication that an injunction would cause substantial harm to others. An injunction would serve the public's interest in safety.

Balancing these factors together, and considering the risk of a fire or explosion if an injunction is not issued, the Court finds

that the circumstances weigh in favor of granting plaintiff's preliminary injunction motion.

For the above reasons, the Court **GRANTS** plaintiff's motion for a preliminary injunction. Defendant is preliminarily enjoined from taking any further actions designed to deny plaintiff and its employees access to pipeline no. SRW 9592, Well. no. 9507 and Rectifier no. BS 24 so that plaintiff can perform the necessary maintenance and testing procedures.

**IT IS SO ORDERED.**

        /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**